UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
OPERATING ENGINEERS LOCAL 324 HEALTH CARE PLAN, *et al*,

    Plaintiffs,

v.

K&S PILING COMPANY,

    Defendant.

Case No. 08-12563
Honorable PATRICK J. DUGGAN

_____/

| | |
|---|---|
| ROBERT A. FARR PLLC | McALPINE & ASSOCIATES, P.C. |
| ROBERT A. FARR JR. (P61597) | RYAN W. JEZDIMIR (P63065) |
| Attorney for Plaintiffs | Attorney for Defendant |
| 5043 Patrick Road | 3201 University Drive, Suite 100 |
| West Bloomfield, Michigan 48322 | Auburn Hills, Michigan 48326 |
| (313) 673-6679 telephone | (248) 373-3700 telephone |
| (248) 592-1254 facsimile | (248) 373-3708 facsimile |

_____/

**STIPULATED AND CONSENT ORDER DISMISSING CASE
WITHOUT PREJUDICE AND ESTABLISHING PROCEDURES
FOR RE-OPENING OF CASE FOR ENTRY OF CONSENT JUDGMENT**

The parties having entered into a Settlement Agreement, a copy of which is attached hereto as Exhibit A, and having stipulated to the entry of this Order; and the Court, after having been fully advised of the terms of said Settlement Agreement:

IT IS HEREBY ORDERED that this case be dismissed without prejudice and without costs other than those covered by the parties' Settlement Agreement, and be administratively closed.

IT IS FURTHER ORDERED that upon the occurrence of a default under the Settlement Agreement, plaintiffs may file with this Court and shall serve upon defendant (a) an Affidavit of Default, and (b) a Notice of Reopening Case and, without further notice, opportunity for defendant

1

to cure, hearing, motion, application or order, shall present the STIPULATION AND CONSENT ORDER RE-OPENING CASE AND ENTRY OF CONSENT JUDGMENT in the form stipulated to and executed by the parties as summarized in the Settlement Agreement, for immediate entry of the CONSENT JUDGMENT by this Court.

This Court retains jurisdiction over this matter for the purpose of enforcing the settlement agreement, should enforcement be necessary.


Dated: July 21, 2008
s/PATRICK J. DUGGAN
United States District Judge

Stipulated and agreed to in form and substance:

| For Plaintiffs: | For Defendant: |
|---|---|
| By: s/ Robert Farr | By: s/ Ryan W. Jezdimir * |
| ROBERT A. FARR PLLC | McALPINE & ASSOCIATES, P.C. |
| ROBERT A. FARR JR. (P61597) | RYAN W. JEZDIMIR (P63065) |
| rfarr@rfarrlaw.com | rwjezdimir@mcalpinelawfirm.com |
| Attorney for Plaintiffs | Attorney for Defendant |
| 5043 Patrick Road | 3201 University Drive, Suite 100 |
| West Bloomfield, Michigan 48322 | Auburn Hills, Michigan 48326 |
| (313) 673-6679 telephone | (248) 373-3700 telephone |
| (248) 592-1254 facsimile | (248) 373-3708 facsimile |
| Dated: July 18, 2008 | Dated: July 18, 2008 |

* By Robert Farr with permission of counsel for purpose of electronic filing. Originals are retained by plaintiffs' counsel.

Exhibit A

# SETTLEMENT AGREEMENT

THIS AGREEMENT is entered into between the Operating Engineers Local 324 Fringe Benefit Funds (hereinafter, collectively, the "Funds")[1] and K&S Piling Company (hereinafter "K&S"), in settlement of K&S's indebtedness to the Funds, and in settlement of the Complaint in Civil Action No. 08-12563 in the United States District Court for the Eastern District of Michigan, Southern Division, in Detroit, Michigan (hereinafter the "lawsuit").

## RECITALS

RECITALS:

  A. The parties to this agreement are the Funds and K&S.

  B. The parties stipulate that K&S is a party to a collective bargaining agreement (and trust agreements incorporated therein) with the Operating Engineers Local 324, to which the Funds are third party beneficiaries. The parties further stipulate that, pursuant to that collective bargaining agreement, K&S was and is obligated to remit monthly fringe benefit contributions based on work performed by those of its employees represented by Local 324.

  C. The parties stipulate that K&S failed to timely remit all of the fringe benefit contributions it was obligated to remit in the period between June 2007 and April 2008. The parties further stipulate that an audit of K&S's books and records, published on May 20, 2008 and covering that period determined that K&S Piling Company owes the Funds a total of $37,748.21, which is the sum of $32,200.71 in unpaid fringe benefit contributions, $3,204.26 in liquidated damages resulting from the audit, and $2,343.24 in liquidated damages resulting from late payments. The parties further stipulate that the May 20, 2008 audit is accurate as of the date of its publication and that its content is not in dispute. The parties further stipulate that, following publication of that audit, K&S paid the Funds $6,934.98, reducing the audited debt to $30,813.23. In addition to the audited debt, the Funds have incurred $1,342.00 in costs and attorney's fees related to collection of damages in this matter for a total debt of $32,155.23 owed by K&S to the Funds. The purpose of this agreement is to provide for repayment of K&S's indebtedness to the Funds, to settle the lawsuit, and to ensure that K&S remains current with its ongoing fringe benefit contribution obligations for the period following that audit during the duration of this agreement.

---

[1] Individually, the Funds are (1) the Operating Engineers Local 324 Health Care Fund, (2) the Operating Engineers Local 324 Pension Fund, (3) the Operating Engineers Local 324 Retiree Benefit Fund, (4) the Operating Engineers Local 324 Vacation Fund, (5) the Operating Engineers Local 324 Supplemental Vacation Fund, (6) the Operating Engineers Local 324 Apprenticeship Fund, (7) the Operating Engineers Local 324 Industry Advancement Fund, (8) the Operating Engineers Local 324 Labor Management Fund, and (9) the Operating Engineers Local 324 Defined Contribution Pension Plan.

1

D. The parties stipulate that payments summarized in paragraph (E) for the debt summarized in paragraph (C) is not a waiver by the Funds of the collection remedies available to the Funds via the collective bargaining agreement, the trust agreements incorporated by reference therein, the Labor Management Relations Act, the Employee Retirement Income Security Act, or any other remedies in law or equity. All remedies remain available to the Funds in the event of a breach of this agreement, or if additional indebtedness for fringe benefit contributions and/or liquidated damages are discovered during a later audit.

**TERMS AND CONDITIONS**

NOW THEREFORE, the Funds and K&S mutually agree to the following:

E. K&S Piling Company agrees to repay the $32,155.23 indebtedness summarized in paragraph (C) without interest, in six (6) equal monthly payments of $5,359.21 (rounded up to the next full cent) with the first payment due on August 15, 2008 and each subsequent payment due the 15th day of each succeeding month thereafter until the full debt is repaid. In construing this agreement, time is of the essence.

Payments shall be made payable to the "Operating Engineers Local 324 Fringe Benefit Funds" and (unless otherwise instructed by the Funds) delivered to the attention of William B. Rough, Field Coordinator, Operating Engineers Local 324 Fringe Benefit Funds, 37450 Schoolcraft Road., Suite 120, Livonia, Michigan, 48150, telephone (734) 462-3675, so as to be received by the Funds on or before each respective due date. For those months in which the due date falls on a weekend or holiday on which mail is not delivered, payments received on the first business day thereafter are deemed to be timely made. The balance of the indebtedness may be prepaid in whole or in part at any time within the period of this agreement without penalty.

The Funds and K&S agree that K&S will strictly and timely comply with all of the fringe benefit provisions of any contract K&S has entered into or will hereafter enter into with the Operating Engineers Local 324. Time is of the essence with regard to future compliance with said terms of the contract.

Concurrent with the execution of this Agreement, the Funds and K&S shall stipulate to, and execute, the following three additional documents:

> (i) STIPULATION AND CONSENT ORDER DISMISSING CASE WITHOUT PREJUDICE AND ESTABLISHING PROCEDURES FOR RE-OPENING OF CASE FOR ENTRY OF CONSENT JUDGMENT (document one (1)) and
>
> (ii) STIPULATION AND CONSENT ORDER RE-OPENING CASE FOR ENTRY OF CONSENT JUDGMENT (document two (2)), and
>
> (iii) STIPULATION AND ORDER DISMISSING CASE WITH PREJUDICE (document three (3)).

2

All three documents are incorporated into this Settlement Agreement by reference. The executed STIPULATION AND CONSENT ORDER DISMISSING CASE WITHOUT PREJUDICE AND ESTABLISHING PROCEDURES FOR RE-OPENING OF CASE AND ENTRY OF CONSENT JUDGMENT (document one) shall be promptly submitted by the Funds to the Court, and the Funds will provide K&S with a true copy. In the event the Court refuses to enter this document (document one (1)), this Agreement shall immediately be null, void and of no effect. The original of the executed STIPULATION AND CONSENT ORDER RE-OPENING CASE FOR ENTRY OF CONSENT JUDGMENT (document two (2)) shall be held in escrow by counsel for the Funds, subject to provisions of paragraph (F) of this Agreement. The original of the executed STIPULATION AND ORDER DISMISSING CASE WITH PREJUDICE (document three (3)) shall be held in escrow by counsel for the Funds, subject to the provisions of paragraph (G) of this Agreement.

DEFAULT:

F. Should any payment from K&S be delinquent for any reason under the TERMS OF PAYMENT provided for in paragraph (E) herein, or should K&S fail to strictly and timely comply with all of the fringe benefit provisions of any contract K&S has entered into or will hereafter enter into with the Operating Engineers Local 324 under the TERMS AND CONDITIONS provided for in paragraph (E) herein, or should K&S Piling Company be the subject of

    (1)    an voluntary bankruptcy proceeding initiated by K&S Piling Company,

    (2)    any involuntary bankruptcy proceeding initiated by a creditor other than the Funds herein, or

    (3)    a dissolution or liquidation-type proceeding under state law pursuant to the Michigan Business Corporations Act. MCL 450.1101, *et seq*, any such action shall be a breach of this agreement,

K&S shall then be deemed to be in full breach of this Agreement and the installment payment provisions of this Agreement shall automatically and immediately become null, void and of no effect, and the full balance then owing shall accelerate and become due in full immediately. In the event of a default by K&S, the Funds may immediately file with the Court and shall serve upon K&S an AFFIDAVIT OF DEFAULT, a NOTICE OF REOPENING CASE and upon filing with the Court proof of such service and the STIPULATION AND CONSENT ORDER RE-OPENING CASE AND ENTRY OF CONSENT JUDGMENT (document two (2)), and the Court shall promptly reopen the case and enter said CONSENT JUDGMENT, without further notice, hearing, motion or opportunity for defendant to cure the default. The Funds shall thereafter be entitled to institute any and all proceedings they deem necessary to effectuate satisfaction of all amounts owing on the Judgment, including post-judgment interest.

If, however, an installment payment provided for in the TERMS OF PAYMENT provided for in paragraph one (E) herein is delinquent, but nonetheless accepted by the Funds, or in the event that K&S fails to strictly and timely comply with all of the fringe benefit provisions of any contract K&S has entered into or will hereafter enter into with the Operating Engineers Local 324 as provided

3

for in paragraph two (E) herein, and in either such default event the Funds elect not to accelerate the balance then owing but instead to waive acceleration of the balance and entry of the Consent Judgment (document three (3)) and accept the payment, such waiver shall be on a one-time only basis as to that payment only and shall not be deemed to waive the Funds' right to their remedies under this Agreement for subsequent default events.

Timeliness of payments summarized in paragraph (E) above, plus those ongoing fringe benefit contributions due for the work months of July 2008 (due on August 15, 2008) and thereafter are the essence of this agreement. There is no grace period or opportunity to cure, express or implied, for payment deadlines.

G. Following the final timely payments described in paragraph (E) from K&S, the Funds will provide K&S with a written confirmation that the debt summarized in paragraph (C) has been paid in full and will file the STIPULATION AND ORDER DISMISSING CASE WITH PREJUDICE (document three (3)) with the court and provide defendant a copy. The Funds expressly reserve the right to demand payments of any amounts determined by a later audit to be owed in that period.

INTEGRATION / MERGER / NO ORAL MODIFICATION CLAUSE:

H. Paragraphs (A) through (H) herein represent the exclusive and full embodiment of the parties' agreement and are the complete agreement. The parties agree that there are no collateral oral or written agreements, understandings or interpretations that are not expressly incorporated herein. This written agreement may not be modified or rescinded.

| For the Funds: | For K&S Piling Company: |
|---|---|
| s/ William Rough * | s/ Rebekah Szypula * |
| William B. Rough | Rebekah Szypula |
| Field Coordinator | President, K&S Piling Company |
| Authorized Representative for the Funds | |
| Dated: July 18, 2008 | Dated: July 18, 2008 |

* By Robert Farr for purposes of electronic filing. Originals are retained by plaintiffs' counsel.